UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

REGINALD SHERROD WILLIAMS,

    Petitioner,

v.                                                            Case No. 3:22-cv-2657-LC-MJF

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Reginald Sherrod Williams has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 12. Williams has not responded to the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Williams's petition should be dismissed as time-barred.[2]

---

[1] Williams's response deadline expired on August 10, 2022. *See* Doc. 13.

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 25, 2014, Williams shot and killed Nicholas Baer during the commission of a robbery. In Escambia County Circuit Court Case No. 2014-CF-5567, Williams was indicted for First-Degree Felony Murder with a Weapon. Doc. 12, Ex. A.[3] Williams went to trial and was found guilty as charged. Ex. B. The trial court adjudicated Williams guilty and sentenced him to life imprisonment without the possibility of parole. Ex. B. The Florida First District Court of Appeal ("First DCA") affirmed on July 7, 2017, *per curiam* and without written opinion. *Williams v. State*, No. 1D16-1406, 228 So. 3d 561 (Fla. 1st DCA 2017) (copy at Ex. F). Williams did not move for rehearing and did not seek further direct review. Doc. 1 at 2.

On February 22, 2018, Williams filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Ex. G at 10-40, 47-67. The state circuit court denied the motion. Ex. G at 68-492. The First DCA affirmed *per curiam* and without written opinion. *Williams v. State*, 298 So. 3d 556 (Fla. 1st DCA 2020) (copy at Ex. J). The mandate issued July 28, 2020. Ex. J.

---

[3] Hereafter, all citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 12.

On July 31, 2020, Williams filed a *pro se* successive Rule 3.850 motion. Ex. K at 10-35. The state circuit court denied the motion as untimely and an abuse of process. Ex. K at 36-38. The First DCA affirmed *per curiam* and without written opinion. *Williams v. State*, 318 So. 3d 550 (Fla. 1st DCA 2021) (copy at Ex. N). The mandate issued July 2, 2021. Ex. N.

On April 5, 2021, Williams filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), which he later amended. Exs. O, P. The state circuit court denied relief on January 6, 2022. Ex. Q. Williams did not appeal the ruling. Ex. R.

Williams filed his *pro se* federal habeas petition on February 25, 2022. Doc. 1 at 1 & Attach. (mailing envelope). The petition raises twelve claims. *Id*. at 4-18. Williams maintains that his petition is timely, explaining: "Pursuant to the Supreme Court Order dated **March 19, 2020** extending the filing for a Writ of Certiorari to one hundred and fifty (150) days and Rules 13.1 and 13.3, this Petition is timely filed." Doc. 1 at 19.

The State moves to dismiss Williams's petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 12. Williams has not responded.

## II. Discussion

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Williams's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

B. **<u>Williams's Habeas Petition Is Untimely</u>**

Williams does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Williams's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Williams's judgment became final on October 5, 2017—ninety days after entry of the First DCA's order affirming the judgment—because that is when Williams's time for filing a *certiorari* petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A), "when the time for pursuing direct review in this Court, or in state court, expires."); *see also* Sup. Ct. R. 13.1, 13.3.

Contrary to Williams's assertion, his time to file a certiorari petition was not extended to 150 days. The order Williams references is an order entered by the United States Supreme Court on March 19, 2020, in light of the COVID-19 pandemic. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines

[COVID-19], 334 F.R.D. 801, 589 U.S. ___ (Mar. 19, 2020) ("Miscellaneous Order"). That Miscellaneous Order provided, in relevant part:

> [T]he deadline to file any petition for a writ of certiorari *due on or after the date of this order* is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. See Rules 13.1 and 13.3.

334 F.R.D. 801 (emphasis added); *see also* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801, 594 U.S. ___ (July 19, 2021). Williams's petition for a writ of certiorari was due on October 5, 2017, which is outside the scope of the Miscellaneous Order.

The federal habeas limitations period began to run one day later, on October 6, 2017, and expired one year later, on October 6, 2018, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Williams allowed 139 days of the limitations period to run before filing his first Rule 3.850 motion on February 22, 2018. As a result of the filing of his Rule

3.850 motion, the limitations period was statutorily tolled from February 22, 2018 (the date it was filed) until July 28, 2020 (the date the mandate issued in Williams's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations clock started running again on July 29, 2020, and expired 226 days later on March 11, 2021. Williams's second Rule 3.850 motion did not toll the limitations period, because it was dismissed as untimely under state law and, therefore, was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." (internal quotation marks omitted)); *Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed', and he is not entitled to statutory tolling under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2)."); *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018).

Williams's Rule 3.800(a) motion to correct sentence did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state-court motion for postconviction relief cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did the later filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Williams's federal habeas petition, filed on February 25, 2022, is untimely by almost one year.

**C.  Williams's Untimely Petition Should Be Dismissed**

Williams does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. Williams's untimely petition should be dismissed.

### III.  A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." 28 U.S.C. § 2254 Rule 11(a).  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 12, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Reginald Sherrod Williams*, Escambia County Circuit Court Case No. 2014-CF-5567, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Pensacola, Florida, this <u>30th</u> day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not</u>**

**control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**